

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 20 P 3:40

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**EOTT ENERGY OPERATING LIMITED PARTNERSHIP**
                  **PLAINTIFF**

V.

**GULF TECH ENERGY, L.L.C.,
KOCH PRODUCER SERVICES, INC.,
GREAT SOUTHERN OIL & GAS CO., INC.,
HALLIBURTON ENERGY SERVICES, INC.,
BAKER HUGHES INTEQ, A DIVISION OF
    BAKER HUGHES OILFIELD
    OPERATIONS, INC., and
BAKER OIL TOOLS, A DIVISION OF
    BAKER HUGHES OILFIELD
    OPERATIONS, INC.**

**CASE NO. 00-0190**

**SECT. S MAG. 4**

**DEFENDANTS**

**COMPLAINT FOR INTERPLEADER**

NOW COMES, EOTT Energy Operating Limited Partnership ("EOTT"), through undersigned counsel, who respectfully represents as follows:

**I.    INTRODUCTION**

1.    This is an interpleader action pursuant to 28 U. S. C. Sec. 1335 to deposit funds in the registry of this Court, which funds are owed by EOTT to Gulf Tech Energy, L.L.C. ("Gulf Tech"), for purchase of crude oil production from certain wells in the Jennings Field, Acadia

DATE OF ENTRY JAN 2 4 2000

Parish, Louisiana, but which funds are subject to liens of multiple parties filed pursuant to the Louisiana Oil Well Lien Act, La. R.S. 9:4861, *et seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. and Sections 1335 and 2361.

3. Venue is proper pursuant to 28 U.S.C. Section 1397.

## III. THE PARTIES

4. Plaintiff, EOTT, is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas.

5. Defendant, Gulf Tech, is a foreign limited liability company authorized to do, and doing business in, the State of Louisiana.

6. Defendant, Koch Producer Services, Inc. ("Koch") is a foreign corporation authorized to do and doing business in the State of Louisiana.

7. Defendant, Great Southern Oil and Gas Company, Inc. ("Great Southern") is a Louisiana corporation with its principal place of business in Lafayette, Louisiana.

8. Defendant, Halliburton Energy Services, Inc. ("Halliburton"), is a foreign corporation, authorized to do and doing business in the State of Louisiana.

9. Defendant, Baker Hughes Inteq ("Baker Inteq"), is a division of Baker Hughes Oilfield Operations, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana.

10. Defendant, Baker Oil Tools ("Baker Tools"), is a division of Baker Hughes Oilfield Operations, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana.

2

## IV. FACTUAL ALLEGATIONS

### A. Funds Held By EOTT

11. EOTT is the successor to Koch Oil Company as the purchaser of crude oil production from Gulf Tech pursuant to that certain Koch Crude Oil Purchase Contract No. 31743 dated December 1, 1998 ("Contract").

12. Pursuant to the Contract, EOTT purchases crude oil production from Gulf Tech on a monthly basis, with payments for such purchases being due to Gulf Tech on or about the 20th day of the following month.

13. At this time, EOTT is presently holding funds in the amount of $493,230.98 owed to Gulf Tech for the purchase of crude oil production under the Contract for the period of January, 1999 to November, 1999, from those wells and leases identified as Lease Numbers 9001876 and 9018012, and for the period of March, 1999 to November, 1999 for Lease Numbers 9001527, 9001834 and 9001835, as set forth on Exhibit A attached hereto.

14. Additional amounts will be due to Gulf Tech from EOTT for December 1999 purchases, but will not be due to Gulf Tech until January 20, 2000.

15. EOTT seeks authorization to deposit these amounts into the registry of the Court and all additional amounts that may become due to Gulf Tech for crude oil production purchases under the Contract during the pendancy of this proceeding.

### B. Lien Claims

16. On or about February 25, 1999, EOTT received notice by letter dated February 19, 1999 from Stewart F. Peck, counsel for Baker Oil Tools, of lien claims filed by Baker Oil Tools against Gulf Tech in the principal amount of $142,009.11 plus interest, costs

and attorney fees. Copies of February 19, 1999 letter from Mr. Peck and Baker Oil Tools' lien affidavits are attached hereto as Exhibit B, *in globo*.

17. On or about February 25, 1999, EOTT received notice by letter dated February 19, 1999 from Stewart F. Peck, counsel for Baker Inteq, of lien claims filed by Baker Inteq against Gulf Tech in the principal amount of $499,546.05 plus interest, costs and attorney fees. Copies of the letter dated February 19, 1999 from Mr. Peck and the Baker Inteq's lien affidavits are attached hereto as Exhibit C, *in globo*.

18. On or about March 15, 1999, EOTT was notified by letter dated March 11, 1999 from Tye G. Darland, counsel for Koch, that Koch has a security interest in and to all production from the wells at issue pursuant to that certain Mortgage, Deed of Trust, Assignment, Security Interest and Financing Statement executed by Gulf Tech in favor of Koch dated as of July 15, 1997 ("Mortgage"). Copies of Mr. Darland's letter and the Mortgage are attached hereto as Exhibit D, *in globo*.

19. On or about March 29, 1999, EOTT was notified by letter from Gerald P. Begnaud, Jr. dated March 24, 1999 of certain liens which Great Southern filed against Gulf Tech totaling $185,163.98 plus interest, costs and attorney's fees. Copies of the letter dated March 24, 1999 from Mr. Begnaud and Great Southern's lien affidavit are attached hereto as Exhibit E, *in globo*.

20. On or about June 25, 1999, EOTT received notice by letter dated June 22, 1999 from A. Edward Groff, III, that Halliburton filed a lien against Gulf Tech on February 18, 1999 in the principal amount of $21,878.24 plus interest, costs and attorney's fees. Copies of Mr. Groff's June 22, 1999 letter and Halliburton's Statement of Privilege are attached hereto as Exhibit F, *in globo*.

## V. REGISTRY FUNDS

21. Concurrently herewith, EOTT has paid or will pay into the registry of this Court $493,230.98 for the benefit of the defendants, subject to the appropriate order of interpleader being issued by this Court and this Court's ruling as to which entity or entities may be entitled to these funds.

22. On information and belief, the funds so deposited may also be subject to the claims of other lien holders.

23. In view of the claims of the various defendants in this action and potential claims of others to the proceeds from the crude oil production purchased by EOTT from Gulf Tech, EOTT cannot determine which of the defendants and/or potential claimants would be entitled to payment, nor in what amounts, if any.

24. EOTT invokes this interpleader to seek the determination of this Court as to which persons or entities are entitled to the funds in order to avoid subjecting EOTT to the risk of improper disbursement or multiple liability to the various defendants and unknown potential claimants.

## VI. PRAYER FOR RELIEF

EOTT Energy Operating Limited Partnership prays that:

A) This Court enter an order of interpleader determining that the defendants are adverse claimants to the funds made available through this adversary proceeding;

B) EOTT be permitted to continue to deposit funds that may become due to Gulf Tech from EOTT for ongoing purchases of crude oil production under the Contract until further order of this Court;

C) The Clerk of this Court be ordered to promptly and properly invest the funds deposited concurrently herewith so that interest may accrue for the benefit of the defendants herein;

D) The Court order such defendants to interplead and establish their respective claims;

E) Gulf Tech be ordered to produce the appropriate information and/or give notice or third-party demand on all other claimants or potential claimants known by Gulf Tech to have an interest in the funds deposited into the registry of this Court pursuant to this action;

F) EOTT be discharged from any other or further liability to said defendants or other unknown potential claimants for the proceeds of crude oil production purchases from Gulf Tech so deposited;

G) The Court issue a permanent injunction against all persons or entities prohibiting them from instituting any further proceedings in any court, federal or state, against EOTT for recovery of all or part of such crude oil production purchase proceeds which are placed in the registry of this Court pursuant to this cause of action;

H) EOTT be allowed reasonable attorney's fees and costs associated with bringing this action; and

I) This Court grant such other legal and equitable relief as may be available.

Respectfully submitted,

**OF COUNSEL:**

**KING, LEBLANC & BLAND, L.L.P.**

*[signature]*

JOSEPH E. LEBLANC, JR. (#8199)
JEFFREY M. BURMASTER (#17494)
HOLLIS ROBINSON (#25697)
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Telefax: (504) 582-1233

Attorneys for EOTT Energy
Operating Limited Partnership

S:\1573\006\PLDGS\COMPLAINT.DOC

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**EOTT ENERGY OPERATING LIMITED PARTNERSHIP**
                              **Plaintiff**

V.

**GULF TECH ENERGY, L.L.C.,**
**KOCH PRODUCER SERVICES, INC.,**
**GREAT SOUTHERN OIL & GAS CO., INC.,**
**HALLIBURTON ENERGY SERVICES, INC.,**
**BAKER HUGHES INTEQ, A DIVISION OF**
    **BAKER HUGHES OILFIELD**
    **OPERATIONS, INC., and**
**BAKER OIL TOOLS, A DIVISION OF**
    **BAKER HUGHES OILFIELD**
    **OPERATIONS, INC.**

                              **Defendants**

CASE NO. **00-0190**

**SECT. S MAG. 4**

## ORDER

Considering the Complaint for Interpleader filed by EOTT Energy Operating Limited Partnership ("EOTT"), the allegations contained therein and the record herein,

**IT IS ORDERED** that the interpleader invoked by EOTT is hereby granted and sustained and the Clerk of this Court shall accept a check in the amount of $493,230.98 from EOTT and receive the sums represented thereby into the registry of this Court as payment by EOTT for crude oil production purchases from Gulf Tech Energy, L.L.C. ("Gulf Tech") under

the contract referenced in EOTT's Complaint for ultimate disposition by subsequent order of this Court in the above-captioned proceeding;

**IT IS FURTHER ORDERED** that EOTT Energy Operating Limited Partnership be and is hereby authorized to deposit with the Clerk of this Court such other proceeds as may become due to Gulf Tech from EOTT as a result of EOTT's ongoing purchases of crude oil production from Gulf Tech until further order of this Court;

**IT IS FURTHER ORDERED** that the Clerk of this Court shall promptly and properly invest the funds so deposited in an interest bearing account in accordance with the normal procedures for handling the registry funds of this Court;

**IT IS FURTHER ORDERED** that Gulf Tech give notice to or make third party demands on all other claimants or potential claimants known by Gulf Tech to have an interest in the funds deposited into the registry of this Court pursuant to this action; and

**IT IS FURTHER ORDERED** that EOTT be discharged from any other or further liability to said defendants or other unknown potential claimants for the proceeds of crude oil production purchases from Gulf Tech so deposited.

New Orleans, Louisiana, this _20_ day of January, 2000.

_____
UNITED STATES DISTRICT JUDGE

S:\1573\006\PLDGS\ORDER.DOC

2